**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Del Mar Land Partners, LLC,

             Plaintiff,

     vs.

Stanley Consultants, Inc.,

             Defendant.

No. CV-11-8013-PCT-PGR

ORDER

      In a complaint filed on January 25, 2011, the plaintiff alleges that the Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Having reviewed the complaint, the Court finds that the jurisdictional allegations therein are insufficient as a matter of law to establish the existence of subject matter jurisdiction.  The Court will therefore require the plaintiff to file an amended complaint properly stating a jurisdictional basis for this action.  *See* 28 U.S.C. § 1653; *see also,* Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926) ("The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case,

1  unless the defect be corrected by amendment.")

2       The jurisdictional allegation concerning the citizenship of the plaintiff, which

3  is merely that the plaintiff "is a Nevada Limited Liability Company with its principal

4  place of business located in Henderson, Nevada[,]" is facially deficient inasmuch

5  as the citizenship of a limited liability company for purposes of § 1332 is the

6  citizenship of each of its members. Johnson v. Columbia Properties Anchorage,

7  LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, ...

8  every circuit that has addressed the question treats them like partnerships for the

9  purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold

10  that, like a partnership, an LLC is a citizen of every state of which its

11  owners/members are citizens.")  Since the complaint fails to state the citizenship

12  of the plaintiff's members, the Court will require the plaintiff to specifically identity

13  in its amended complaint each of its members by name, specifically allege the

14  type of business entity that any non-individual member is, and affirmatively allege

15  the state of citizenship of each member.

16       The plaintiff is advised that its failure to timely file an amended complaint

17  that cures the pleading deficiency noted in this Order shall result in the dismissal

18  of this action for lack of subject matter jurisdiction.  Therefore,

19       IT IS ORDERED that the complaint is dismissed for lack of subject matter

20  jurisdiction.

21       IT IS FURTHER ORDERED that the plaintiff shall file an amended

22  complaint properly stating a jurisdictional basis for this action no later than

23  **February 7, 2011.**[1]

24  _____

         [1]

25       The plaintiff is advised that the complete capitalization of the parties'

26  names in the caption of any document filed with the Court violates LRCiv

- 2 -

1

2       IT IS FURTHER ORDERED that the plaintiff shall immediately serve a

3  copy of this Order upon the defendant if the defendant has already been served

   with process.

4       DATED this 26th day of January, 2011.

5

6

7  Paul G. Rosenblatt
   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  7.1(a)(3).

- 3 -