**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Del Mar Land Partners, LLC, | |
| Plaintiff, | No. CV-11-8013-PCT-PGR |
| vs. | |
| Stanley Consultants, Inc., | ORDER |
| Defendant. | |

Pending before the Court is defendant Stanley Consultants, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P. 12(b)(3), 12(b)(6), 12(g) or in the Alternative, Motion to Transfer Venue (Doc. 12). Having considered the parties' memoranda in light of the record, the Court finds that the motion to dismiss should be granted in part and denied in part and that the motion to transfer venue should be denied.[1]

The plaintiff's Amended Complaint (Doc. 8), which is based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332[2], raises claims for breach of

---

[1] Neither party has requested oral argument and the Court concludes that oral argument would not aid the decisional process.

[2] The plaintiff's members are citizens of Nevada, and the defendant is an

contract, negligent misrepresentation, fraud, and unjust enrichment, all of which arise from two contracts between the parties, a master agreement entered into in October 2006 and an addendum agreement entered into in January 2007, which concerned civil engineering consulting services the defendant was to provide to enable the plaintiff to obtain permits from various Arizona state agencies required for the development of a residential real estate project located in Mohave County, Arizona.

The defendant first argues that this action should be dismissed because its filing was untimely and constitutes forum-shopping. The defendant's argument is based solely on an order, entered on August 3, 2010, by the United States District Court for the Southern District of California, the court in which the plaintiff initially commenced this litigation against the defendant, wherein that court granted the defendant's motion to dismiss for lack of personal jurisdiction, with leave to the plaintiff to amend its complaint by August 23, 2010. The defendant's contention, which is presented in a very cursory manner without citation to any supporting law, is that dismissal is warranted because the plaintiff "did not re-file by August 23, 2010 pursuant to the [California] Order, let alone in California. Instead, on January 25, 2011, Plaintiff filed its Complaint against Stanley in this Court." The Court concludes that this aspect of the defendant's motion to dismiss is simply frivolous. The California court's dismissal order merely stated, in relevant part, that "[s]hould the Plaintiff choose to file a First Amended Complaint *in this district, as opposed to another district with fewer jurisdiction and venue problems*, it must be filed **on or before August 23, 2010.**" (Italics added; other

---

Iowa corporation with its principal place of business in Iowa.

- 2 -

emphasis in the original).[3]  Absolutely nothing in that order forbids the filing of this action or controls the timing of the filing of this action.

The defendant's second argument is that this action should be dismissed in its entirety pursuant to Fed.R.Civ.P. 12(b)(3) for lack of venue.  The defendant contends that venue is not proper in this forum under any portion of the general venue statute, 28 U.S.C. § 1391(a).  The plaintiff, which bears the burden of establishing the propriety of venue, alleges in the Amended Complaint, and argues in part in its response to the motion to dismiss, that venue is proper pursuant to § 1391(a)(2), which provides in relevant part that venue is appropriate in "a judicial district in which a substantial part of the event or omissions giving rise to the claim occurred[.]"

When a motion to dismiss is based on Rule 12(b)(3), the pleadings need not be accepted as true and the Court may consider evidence outside of the pleadings, such as affidavits and declarations. Murphy v. Schneider National, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004).  To that end, the Court has considered the relevant evidence submitted by the parties.  Since the Court is not holding an evidentiary hearing to resolve material disputed facts, given that neither party has requested such a hearing, the Court, as it must, has drawn all reasonable inferences in favor of the plaintiff as the non-moving party and has resolved all factual conflicts in the plaintiff's favor. *Id.*, at 1138 and 1140.  Having accepted the plaintiff's assertions of fact as true, the Court is persuaded that the plaintiff has made a prima facie showing that venue as to all claims is proper in the District of Arizona under § 1391(a)(2) notwithstanding the defendant's assertion

---

[3] Document 12-2, Exhibit 1 at page 6; 2010 WL 3056964, at *3 (S.D.Cal. Aug. 3, 2010).

that none of the events or omissions giving rise to the plaintiff's claims occurred in Arizona because the plaintiff's evidence establishes that substantial activities underlying this action were undertaken by the defendant within Arizona.[4]

The plaintiff has sufficiently established the existence of venue for the breach of contract claim because Warren Church, the plaintiff's managing member who negotiated the contracts with the defendant, states in his declaration that he negotiated and signed the contracts at the defendant's office in Kingman, Arizona and that the contracts called for the defendants to perform work in Arizona[5]; furthermore, the defendant has provided an affidavit submitted

---

[4] Because the Court concludes that venue is proper under § 1391(a)(2), the Court need not resolve the disputed issue of whether the defendant is a "resident" of Arizona for purposes of § 1391(a)(1), which is the other basis for venue raised by the plaintiff in its response (but not in its Amended Complaint). The Court notes that while the defendant argues that it is not subject to personal jurisdiction in this forum for purposes of § 1391(a)(3), the plaintiff is not relying on that alternative venue provision and the defendant has not moved to dismiss this action for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

To the extent that personal jurisdiction is an issue, the Court concludes that the plaintiff has made a prima facie showing that the exercise of specific jurisdiction over the defendant comports with due process as to both the contract and tort claims given that the plaintiff's evidence establishes that the defendant has business offices in Arizona, it negotiated and executed its contracts with the plaintiff in Arizona and made its alleged misrepresentations to the plaintiff in Arizona, and it performed its duties related to the contracts in Arizona. *See* Data Disc, Inc. v. System Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977) (When the court, in the exercise of its discretion, elects to resolve the jurisdiction issue solely on the basis of written materials, the plaintiff need only make a prima facie showing that jurisdiction exists, *i.e.*, it need only allege facts sufficient to support a finding a jurisdiction and to submit competent evidence which, if credited, would permit those facts to be found.)

[5] While the defendant has objected to certain portions of Warren Church's declaration, it has improperly done so through a separate filing (Doc. 16-1) in violation of LRCiv 7.2(m)(2). In any case, the Court rejects those

- 4 -

in the initial California action from Michael Fondren, a surveyor manager for the defendant working out of the defendant's Phoenix, Arizona office, wherein he confirms that he performed surveying work under the contracts at the plaintiff's property in Mohave County, Arizona. *See* Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir.1986) (Court concluded that venue for purposes of § 1391(a) for a breach of contract claim is the place of intended performance.) The plaintiff's evidence is also sufficient to establish the propriety of venue for the tort claims because Church states in his declaration that at least some of the misrepresentations underlying the tort claims were made to him by defendant's employees during face to face conversations at the defendant's Kingman, Arizona office. *See* Myers v. Bennett Law Offices, 238 F.3d 1068, 1076 (9th Cir.2001) (Court noted that in a tort action the locus of the injury is a relevant factor in determining the propriety of venue under § 1391.)

The defendant's third argument is that the plaintiff's fraud claim, the Third Cause of Action in the Amended Complaint, should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because it is not pleaded with the particularity required by Fed.R.Civ.P. 9(b). The Court disagrees.

Since Rule 9(b) requires that the circumstances constituting the alleged fraud be specific enough to give the defendant notice of the particular misconduct so that it can defend itself against the charge and not just deny that it has done anything wrong, a complaint must state the time, place, and specific content of the alleged false representations as well as the identities of the parties to the misrepresentations in order to avoid a Rule 9(b) dismissal. Sanford v.

---

objections for purposes of resolving the defendant's Rule 12(b)(3) motion, particularly those directed at paragraphs two and three of Church's declaration.

- 5 -

MemberWorks, Inc., 625 F.3d 550, 558 (9th Cir. 2010). The defendant's Rule 9(b) challenge is predicated on its conclusory contention that the Amended Complaint fails to meet this test because it fails to provide the defendant with notice of the time, place, date, and content of the alleged misrepresentations, and it fails to allege that the misrepresentations were made by individuals operating under the defendant's authority.

The Court concludes that the alleged misrepresentations underlying the fraud claim, which relate to the defendant's statements regarding its ability to provide civil engineering services in Arizona, are sufficiently specific that the defendant will be able to prepare an answer to that claim. For example, paragraphs 18 and 19 of the fraud claim provide (1) that "Defendant's representatives Mike Fondren, Dave Frohman and Chris Darnell represented to Plaintiff's representative Warren Church, prior to entering into the contracts in question, that Defendant was experienced with the permitting process and the work required to obtain the necessary approvals in Arizona[,]" (2) that "Defendant also represented in the October 2006 agreement that it would submit the required application to [the Arizona Department of Water Resources] for a determination of water adequacy and to [the Arizona Department of Environmental Quality] for water supply to the project[,]" and (3) that the defendant "falsely stat[ed] to Warren Church that additional work was required because Arizona had changed its permitting process after the October 2006 agreement was signed, necessitating additional work by Defendant outside the scope of the original agreement." To the extent that required information is missing from the fraud-related allegations in the Amended Complaint, the defendant has failed to specify what details it lacks knowledge of or how that missing information prevents it from

answering the fraud claim.

The defendant's fourth argument is that the plaintiff's negligent misrepresentation claim, the Second Cause of Action in the Amended Complaint, should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because it fails to state a claim due to the bar of the economic loss doctrine. The Court agrees with the defendant to the extent that it concludes that Arizona law bars this claim.

As an initial matter, the defendant argues that the application of Nevada law to resolve this issue is mandated by the choice of law provision in the parties' master contract, which was carried over into the addendum contract, which provided that the parties' "Agreement shall be governed by Nevada law."[6] The plaintiff, which does not dispute the validity of the choice of law provision, argues that Arizona law applies to its negligent misrepresentation claim notwithstanding the contractual choice of law provision because the claim sounds in tort.

The Court agrees with the plaintiff that the application of Nevada law is not required by the choice of law provision because that narrow provision facially only governs the interpretation of the parties' contracts, not the resolution of a related tort claim such as the negligent misrepresentation claim. *See* Sutter Home Winery, Inc. v. Vintage Selections, Ltd., 971 F.2d 401, 407 (9th Cir.1992) (In a case involving a choice of law provision stating that "[e]xcept as otherwise required by applicable law, this Agreement shall be governed by the law of the

---

[6]

Although the parties' contracts were not attached as exhibits to the plaintiff's Amended Complaint, the Court may consider them without turning the defendant's Rule 12(b)(6) motion into a motion for summary judgment because the authenticity of these documents is not contested and the plaintiff's amended complaint necessarily relies on them. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.2001).

- 7 -

State of California[,]" the court concluded that the plaintiff's tort claims were not governed by California law, noting that "[c]laims arising in tort are not ordinarily controlled by a contractual choice of law provision. Rather, they are decided according to the law of the forum state.") (Internal citation omitted). Under the governing Arizona choice of law principles,

> courts are required to resolve tort issues under the law of the state having the most significant relationship to both the occurrence and the parties with respect to any particular questions. *Bates v. Superior Court, Maricopa County*, 156 Ariz. 46, 749 P.2d 1367, 1370 (1980). Courts look to four factors in making this determination: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile of the parties, and (4) the place where the parties' relationship is centered. *Id*.

Sutter Home Winery, at 407; *see also*, Restatement (Second) of Conflicts of Law § 148 (applying the most significant relationship test to determine choice of law for negligent misrepresentation claims). Applying these factors to the evidence of record, it is clear that Arizona has the most significant relationship to the negligent misrepresentation claim because it is the state in which the alleged misrepresentations occurred, the state where the harm stemming from those misrepresentations was felt, and the state in which the parties' relationship was centered since it was the location of the plaintiff's construction project and the place of the defendant's performance; Nevada, on the other hand, has only a marginal connection to the events underlying the misrepresentation claim in that the plaintiff is a Nevada company and its members are domiciled there and it is one of the locations (as is Arizona) in which the defendant has an office. The Court will therefore apply Arizona law to determine if the economic loss doctrine bars the negligent misrepresentation claim.

The economic loss doctrine, as formulated by the Arizona Supreme Court,

refers "to a common law rule limiting a contracting party to contractual remedies for the recovery of economic losses unaccompanied by physical injury to persons or other property." Flagstaff Affordable Housing Limited P'ship v. Design Alliance, Inc., 223 P.3d 664, 667 (Ariz.2010) (Court concluded that the economic loss doctrine barred a housing project's owner from recovering negligence-based damages arising from its architect's failure to design the project's buildings in accordance with the parties' contracts and federal accessibility rules because the damages sought were only for economic losses.) For purposes of the doctrine, "[e]conomic loss ... refers to pecuniary or commercial damage, including any decreased value or repair costs for a product or property that is itself the subject of a contract between the plaintiff and defendant, and consequential damages such as lost profits." *Id.*

    The plaintiff's position is that the tort damages it seeks do not arise from any failure on the defendant's part to properly perform design or engineering services required by the parties' contracts, but rather from the defendant's inducement of the plaintiff to contract with it by falsely representing that it had expertise and knowledge regarding Arizona environmental and water law and regulations and Arizona permitting procedures, which the plaintiff asserts constitutes a tort independent of its breach of contract claim. While the full scope of Arizona's economic loss doctrine has yet to be resolved, the Court is persuaded that the economic loss doctrine is applicable here to limit the plaintiff to its contract remedies because the pertinent allegations of the Amended Complaint are directed at alleged breaches by the defendant that in effect deprived the plaintiff of the benefit of its bargain and there are no allegations of physical harm either in the form of personal injury or property damage. The harm

allegedly suffered by the plaintiff is not one that is separate and distinct from any harm that would foreseeably result from the defendant's failure to perform as the parties' contracts required as it is clear from the Amended Complaint that the plaintiff's damages arise from its contention that its housing project was unnecessarily delayed, which resulted in buyers cancelling the purchase of lots within the plaintiff's property, making harder for the plaintiff to sell additional lots, and reducing the sale price for lots it did sell, because the defendant's filings on the plaintiff's behalf were repeatedly rejected by the various Arizona agencies due to the defendant's unfamiliarity with Arizona law and permitting process. *See* Cook v. Orkin Exterminating Co., __ P.3d __, 2011 WL 2162688, at *5 (Ariz.App. May 19, 2011) (In a case in which the plaintiffs claimed in part that they were induced to enter a contract with the defendant based on its negligent misrepresentations regarding its ability to rid their home of termites, the court concluded that the economic loss doctrine barred the plaintiff's tort claims because the plaintiffs were seeking remedies for purely economic loss from the defendant's failure to adequately perform its promises under the contract.)

The defendant alternatively requests that the Court transfer this action to the District of Nevada pursuant to 28 U.S.C. § 1404(a) should the Court decline to dismiss it. The Court has broad discretion under the statute to order such a transfer if this action could have been brought in the District of Nevada and the transfer "is warranted by the convenience of parties and witnesses and promotes the interests of justice." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). The determination of whether a requested transfer under § 1404(a) is appropriate in a particular case requires that the Court weigh multiple factors affecting the convenience of the forum, such as (1) the location where the relevant

agreements were negotiated and executed, (2) the state most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the parties' contacts with the forum, (5) the contacts relating to the plaintiff's causes of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel the attendance of unwilling non-party witnesses, (8) the ease of access to sources of proof, (9) the existence of a forum selection clause, and (10) the relevant public policy of the forum state.
Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir.), *cert. denied*, 531 U.S. 928 (2000).

    The Court concludes that it need not analyze the propriety of a § 1404(a) transfer through a discussion of all of the relevant factors because no transfer is warranted inasmuch as the defendant's cursory argument in favor of the transfer, which merely touches on some of the relevant factors with no discussion of the relevant case law, is insufficient to meet its significant burden of showing that Nevada is a more appropriate forum for this action. *See* Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d at 843 ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.") For example, the defendant's contention that it would be more convenient for both parties to litigate this action in Nevada as they both have offices in Nevada is not persuasive because the defendant also has offices in Arizona, the plaintiff's project is located in Arizona and the place of the defendant's performance was in Arizona, and the plaintiff's chosen forum is Arizona; the defendant's contention that the parties' contracts were negotiated and executed in Nevada is specifically disputed by the plaintiff which contends that both of these acts occurred in Arizona; the defendant's contention that the choice of law provision in the parties'

contracts illustrates that the parties agreed that any disputes between them would be venued in a Nevada court is not persuasive because the choice of law provision cannot reasonably be construed as also being a forum selection clause; and the defendant's contention, which it states is based only in its information and belief, that relevant witnesses are located in Nevada is of no significance since the defendant has made no effort to set forth the identity or location of any witness or to explain why it would be inconvenient for any witness to testify in Arizona. Accordingly,

IT IS ORDERED that the defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P. 12(b)(3), 12(b)(6), 12(g) (Doc. 12) is granted solely to the extent that the plaintiff's Negligent Misrepresentation claim, the Second Cause of Action in the Amended Complaint, is dismissed, and the motion is denied in all other respects.

IT IS FURTHER ORDERED that the defendant's [Alternative] Motion to Transfer Venue (Doc. 12) is denied.

IT IS FURTHER ORDERED that the Court has set a Scheduling Conference for Monday, August 1, 2011, at 11:15 a.m., in Courtroom 601 of the Sandra Day O'Connor United States Courthouse, 401 W. Washington Street, Phoenix, AZ.

DATED this 11th day of July, 2011.

Paul G. Rosenblatt
United States District Judge