**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Del Mar Land Partners, LLC, | |
| Plaintiff, | No. CV-11-8013-PCT-PGR |
| vs. | |
| Stanley Consultants, Inc., | ORDER |
| Defendant. | |

Pending before the Court is defendant Stanley Consultants, Inc.'s Motion for Partial Judgment on the Pleadings Pursuant to F.R.C.P. 12(c) and Arizona's Economic Loss Rule (Doc. 35). Having considered the parties' memoranda, the Court finds that the motion should be granted.[1]

Plaintiff Del Mar Land Partners, LLC's Amended Complaint (Doc. 8) contains claims for breach of contract, negligent misrepresentation, fraud, and unjust enrichment, all of which arise from two contracts between the parties, a master agreement entered into in October 2006 and an addendum agreement entered into in January 2007, which concerned civil engineering consulting

---

[1] Neither party has requested a hearing on the defendant's motion and the Court concludes that oral argument would not aid the decisional process.

services the defendant was to provide to enable the plaintiff to obtain permits from various Arizona state agencies required for the development of a residential real estate project located in Mohave County, Arizona.  The fraud claim at issue here, the Third Cause of Action of the Amended Complaint, alleges that the defendant made various false statements to the plaintiff prior to the execution of one or both of the parties' contracts, including that the defendant was experienced and competent in providing civil engineering services in Arizona necessary for the plaintiff to obtain building permits and approval for its construction project, that the defendant would submit the required applications to the Arizona Department of Water Resources and the Arizona Department of Environmental Quality, and that additional work outside of the scope of the original contract was required to be performed by the defendant because Arizona had subsequently changed its permitting process.  The claim further alleges that as a result of the defendant's misrepresentations, the plaintiff's efforts to obtain the permits and approval to build on its property were unduly delayed and that it was falsely induced to enter into the addendum contract.

The defendant argues that the fraud claim should be dismissed pursuant to Fed.R.Civ.P. 12(c) because, like the negligent misrepresentation claim the Court has already dismissed, it is barred as a matter of law by the economic loss doctrine.[2]  The doctrine refers "to a common law rule limiting a contracting party

---

[2] In an early order (Doc.20), 2011 WL 2692959 (D.Ariz. July 12, 2011), the Court granted the defendant's motion to dismiss the plaintiff's negligent misrepresentation claim, the Second Cause of Action in the Amended Complaint, because the tort damages sought by the plaintiff for the defendant's alleged misrepresentations were barred by the economic loss doctrine as adopted by the Arizona courts.  The Court stated in relevant part in that order:

to contractual remedies for the recovery of economic losses unaccompanied by physical injury to persons or other property." Flagstaff Affordable Housing Limited P'ship v. Design Alliance, Inc., 223 P.3d 664, 667 (Ariz.2010) (Court concluded that the economic loss doctrine barred a housing project's owner from recovering negligence-based damages arising from its architect's failure to design the project's buildings in accordance with the parties' contracts and federal accessibility rules because the damages sought were only for economic losses.) The gist of the defendant's position is that since the plaintiff is alleging that it did not get the benefit of its bargain in its contracts with the defendant and has not alleged that it incurred any damages for personal injury or property damage, its loss is purely an economic one as its damages are its lost expectancy interest from the defendant's alleged failure to perform according to the its contracts. As

---

> While the full scope of Arizona's economic loss doctrine has yet to be resolved, the Court is persuaded that the economic loss doctrine is applicable here to limit the plaintiff to its contract remedies because the pertinent allegations of the Amended Complaint are directed at alleged breaches by the defendant that in effect deprived the plaintiff of the benefit of its bargain and there are no allegations of physical harm either in the form of personal injury or property damage. The harm allegedly suffered by the plaintiff is not one that is separate and distinct from any harm that would foreseeably result from the defendant's failure to perform as the parties' contracts required as it is clear from the Amended Complaint that the plaintiff's damages arise from its contention that its housing project was unnecessarily delayed, which resulted in buyers cancelling the purchase of lots within the plaintiff's property, making harder for the plaintiff to sell additional lots, and reducing the sale price for lots it did sell, because the defendant's filings on the plaintiff's behalf were repeatedly rejected by the various Arizona agencies due to the defendant's unfamiliarity with Arizona law and permitting process.

2011 WL 2692959, at *4.

1  the Court did in its order dismissing the negligent misrepresentation claim, the
2  defendant mainly relies on the Arizona Court of Appeals decision in Cook .v Orkin
3  Exterminating Company, Inc., 258 P.3d 149 (Ariz.App.2011)  (In a case in which
4  the plaintiffs claimed in part that they were induced to enter a contract with the
5  defendant based on its negligent misrepresentations regarding its ability to rid
6  their home of termites, the court concluded that the economic loss doctrine
7  barred the plaintiff's fraud and misrepresentation claims because the plaintiffs
8  were seeking remedies for purely economic loss from the defendant's failure to
9  adequately perform its promises under the contract.)

10    In its cursory response in opposition to the defendant's motion, the plaintiff,
11 rather than discussing the applicability of the Cook decision to its fraud claim,
12 merely asserts that the Arizona Supreme Court has not spoken on the issue of
13 the application of the economic loss doctrine to a fraud claim and that this Court
14 should determine that the Arizona Supreme Court would not extend the rule to
15 fraud claims because the result of such a rule would be unconscionable and
16 against public policy as it "would perversely award an intentional deceit to obtain
17 the other party's signature on a contract, and then hold the innocent to the terms
18 of the contract (such as limitations of liability) obtained through fraud."

19    While the Court agrees that the Arizona Supreme Court has yet to
20 specifically decide the applicability of the economic loss doctrine to the type of
21 fraud claim presented here, no prediction as to how that court would decide the
22 issue need now be made because the Court is "obligated to follow the decisions
23 of the state intermediate courts" when there is an "absence of convincing
24 evidence that the highest court of the state would decide [the issue] differently." In
25 re Kirkland, 915 F.2d 1236, 1239 (9th Cir.1990).  The plaintiff has not only failed to
26

present any evidence, much less convincing evidence, that the Arizona Supreme Court would reject the reasoning of the Cook decision, it does not even attempt to support its contention with any cogent legal analysis. *See* Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. We will not do his research for him.") (internal citations omitted). While recognizing that the scope of the economic loss doctrine remains unclear and unsettled, the Court concludes that Cook controls the viability of the plaintiff's fraud claim given the allegations in the Amended Complaint and the plaintiff's failure to persuade the Court of Cook's non-applicability. Consequently, the Court will dismiss the fraud claim as being barred by the economic loss doctrine.

The plaintiff relatedly argues that if the Court dismisses the fraud claim under the economic loss doctrine, the Court should expressly recognize the plaintiff's right to introduce evidence at trial of the defendant's bad faith and/or fraud in order to demonstrate that the contractual damages limitation provision in the parties' contracts is unenforceable under Arizona law as an improper attempt on the defendant's part to avoid liability for an intentional tort. In support of its contention, the plaintiff cites to Airfreight Express Ltd. v. Evergreen Air Center, Inc., 158 P.3d 232, 240 (Ariz.App.2007) (Court determined that, as a matter of public policy, limitation of liability clauses can be held unenforceable if one party acted in bad faith). The Court agrees with the defendant that the plaintiff's request is premature. The Court will resolve this issue, if it becomes necessary, at a more appropriate time in this litigation. Therefore,

IT IS ORDERED that the defendant's Motion for Partial Judgment on the

Pleadings Pursuant to F.R.C.P. 12(c) and Arizona's Economic Loss Rule (Doc. 35) is granted and that the plaintiff's Fraud claim, the Third Cause of Action in the Amended Complaint, is dismissed.

DATED this 26th day of March, 2012.

Paul G. Rosenblatt
United States District Judge