**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Del Mar Land Partners, LLC,

Plaintiff,

vs.

Stanley Consultants, Inc.,

Defendant.

No. CV-11-08013-PCT-PGR

ORDER

Among the motions pending before the Court is plaintiff Del Mar Land Partners, LLC's Motion to Accept Responses to Requests for Admission (Doc. 67). Having reviewed the parties' memoranda in light of the relevant record, the Court finds that the motion should be granted.

Background

Defendant Stanley Consultants, Inc. served its Requests for Admissions (Set One) ("RFA") on the plaintiff on February 24, 2012 by hand delivery to an employee of the plaintiff's counsel. Pursuant to Fed.R.Civ.P. 36(a)(3) and Fed.R.Civ.P. 6(a)(1)(C), the plaintiff's response to the RFA was due on March 26, 2012.[1] On the

[1] The RFA consisted of 87 requests for admission. Also due on that same date were the plaintiff's responses to the defendant's 39 document requests and 25

March 26th due date, the plaintiff's counsel requested a one-day extension because it had been discovered that the response had been mistakenly calendared by his office to be due on March 27, 2012. The defendant's counsel immediately granted an extension until March 27th at 5:00 p.m. The plaintiff's counsel both emailed and mailed a 42-page response to the RFA on March 27th; counsel's emailed response showed that the email was transmitted at 5:08 p.m., although the plaintiff's counsel has stated in a declaration that the time shown on the email was "likely off by several minutes." The defendant has not disputed the correctness of the transmission time noted on the email, and in fact argues that the 5:08 transmittal time should be accepted by the Court as correct. The plaintiff contends, without any contradiction from the defendant, that the defendant never mentioned to it any problem with the timeliness of its RFA response until the defendant filed its two pending motions for summary judgment almost two months later.

Pursuant to Rule 36(a)(3), a request for admission is deemed conclusively admitted if the request is not timely responded to. The defendant argues in its pending summary judgment motions directed at the plaintiff's Amended Complaint and at the defendant's Counterclaim, both of which motions were filed on May 18, 2012, that the motions should be granted in large part because the plaintiff's failure to respond to the RFA by the 5:00 p.m. extension deadline on March 27th means that the plaintiff has admitted all 87 requests in the RFA and consequently cannot establish the remaining claims in its Amended Complaint and cannot defeat the Counterclaim. In its responses to the summary judgment motions, which it filed on June 18, 2012, the plaintiff argues in part that the motions should be resolved on their merits, not on the basis of deemed admissions that were served on the

---

special interrogatories.

defendant on the date they were due, albeit a few minutes later than the defendant's extended deadline. The plaintiff reiterated this argument in its Motion to Accept Responses to Requests for Admission, which it filed on July 3, 2012, the same day the defendant filed its replies in support of it summary judgment motions.

The plaintiff has moved the Court, pursuant to Fed.R.Civ.P. 36(b), to grant it relief from the deemed admissions by authorizing their withdrawal. As conclusorily mentioned in the plaintiff's motion, the Court has the discretion to grant such relief if (1) the withdrawal of the admissions "would promote the presentation of the merits of the action" and (2) the Court "is not persuaded that [the withdrawal] would not prejudice the requesting party in maintaining or defending the actions on its merits." Rule 36(b). The Court, in the exercise of its discretion, concludes that the motion should be granted because both requirements of Rule 36(b) are satisfied here.[2]

The first prong of Rule 36(b) is met if the Court is satisfied that upholding the admissions would practically eliminate any presentation of the merits of the case. Conlon v. United States, 474 F.3d 616, 621 (9th Cir.2007); Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995). Given the defendant's contentions in its summary judgment motions, the Court concludes that this prong has been met since the admissions at issue go to the core of the dispute between the parties and the denial of the requested withdrawal would in large part resolve the dispute in the defendant's favor without consideration of the merits of the case.

The second prong of Rule 36(b) is met if the party relying on the deemed admissions, here the defendant, fails to establish that the withdrawal of the

---

[2] While the Court agrees with the defendant that the plaintiff's Rule 36(b) motion could have, and should have, been filed in a more timely manner, the Court cannot conclude under the current record that the timing of the motion is by itself a sufficient reason to deny it.

admissions would prejudice that party's case. Hadley, 45 F.3d at 1348. While the defendant argues that it will be substantially prejudiced if the admissions are allowed to be withdrawn, the Court is not persuaded. The prejudice that the defendant asserts it will undergo, which is basically that it understood that the plaintiff had made the admissions when it took post-admissions depositions, and that it is relying on the deemed admissions "for purposes of its motion for summary judgment and trial, and is now unable to conduct further written discovery, notice further depositions, or file any further motions in this case" is insufficient because the prejudice that the Court must focus on under this prong is "the prejudice that the nonmoving party would suffer at trial." Conlon, 474 F.3d at 623. The rule's prejudice requirement is not met merely because "the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." Hadley, 45 F.3d at 1348 (internal quotation marks omitted). What the defendant has not shown is how its ability to present its defense at trial will be so adversely affected that the Court should not permit the admissions to be withdrawn.[3] *See* Conlon, 474 F.3d at 624 (Court concluded that reliance on a deemed admission in preparing a motion for summary judgment does not constitute prejudice for Rule 36(b) purposes, and that a lack of discovery, without more, does not constitute prejudice because the prejudice must relate to the difficulty a party may face in proving its case at trial.)

Furthermore, the Court is authorized to consider factors other that Rule 36(b)'s

---

[3] While the defendant asserts that the trial of this action is now "imminent," the Court notes that there is no trial date currently set.

two-pronged test in determining whether to exercise its discretion, including "whether the moving party can show good cause for the delay" in responding to the requests for admission. This factor has also been met because the plaintiff has shown, through the uncontradicted declaration of its counsel, that its counsel inadvertently miscalendared the RFA response time by one day, that its counsel and his staff worked diligently to comply with the defendant's extended 5:00 p.m. deadline on May 27, 2012, and that the counsel's staff had been instructed to mail and email the plaintiff's responses by the 5:00 p.m. deadline. The defendant does not argue that its counsel did not receive the emailed RFA response on May 27th, or that the delay in transmitting the response was anything more than approximately eight minutes.

Although the Court understands that the defendant has the right to zealously litigate its position by relying on a strict interpretation of Rule 36(a), the Court nevertheless notes that it should not be forced to expend its limited resources adjudicating *de minimis* and technical violations of the Federal Rules of Civil Procedure. As a discovery delay, the eight minutes at issue here are about as insignificant and trifling as is possible, and the Court declines to apply Rule 36(a) in the inordinately rigid manner that the defendant advocates. *Cf.* Foman v. Davis, 371 U.S. 178, 181-82 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."); *see also*, Reid Bros. Logging Co. v. Ketchikan Pulp Co., 699 F.2d 1292, 1305 (9th Cir.1983) (Court, in rejecting a formalistic and literal reading of Fed.R.Civ.P. 38(d), noted that the spirit of the Federal Rules of Civil

Procedure is that "technical requirements are abolished and judgments be founded on facts and not on formalistic defects" and that a district court may properly look "beyond the facial language and appl[y] the Rules in a manner consistent with their underlying purpose.")

Because the defendant's two pending summary judgment motions, with their accompanying statements of facts, are heavily dependent on the entirety of the RFA being deemed admitted, the Court concludes that the most judicially economical course for it to take is to deny both summary judgment motions without prejudice to the defendant redrafting and refiling them in light of the plaintiff's responses to the RFA. Therefore,

IT IS ORDERED that Plaintiff's Motion to Accept Responses to Requests for Admission (Doc. 67) is granted.

IT IS FURTHER ORDERED that the defendant's Motion to Strike Unauthorized Declaration of Bruce Silver Pursuant to F.R.Cp. 12(f) and Local Rules of Civil Procedure 7.2(m) (Doc. 71) is denied without prejudice as currently being moot.

IT IS FURTHER ORDERED that the defendant's Motion for Summary Judgment as to Plaintiff's Amended Complaint Pursuant to FRCP 56 (Doc. 50) and Motion for Summary Judgment as to Defendant/Counterclaimant's Counterclaim Pursuant to FRCP 56 (Doc. 56) are both denied without prejudice.

IT IS FURTHER ORDERED that the deadline for filing motions for summary judgment is extended to December 21, 2012.

DATED this 5th day of November, 2012.

Paul G. Rosenblatt
United States District Judge