**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Del Mar Land Partners, LLC, <br>         Plaintiff, <br> vs. <br> Stanley Consultants, Inc., <br>         Defendant. | No. CV-11-08013-PCT-PGR <br><br> ORDER |

Pending before the Court is Stanley Consultants, Inc.'s Motion for Entry of Judgment (Doc. 103). Having considered the parties' memoranda in light of the relevant record, the Court finds that the motion should be denied to the extent that it seeks to add nonparty Del Mar Land, LLC to this action at this time as a judgment debtor.

Background

Plaintiff Del Mar Land Partners, LLC commenced this action on January 25, 2011. The plaintiff's Amended Complaint raised diversity of citizenship-based claims for breach of contract, negligent misrepresentation, fraud, and unjust enrichment. The plaintiff's claims arose from two contracts between the parties, a master agreement entered into in October 2006 and an addendum agreement entered into

in January 2007, which concerned civil engineering consulting services that defendant Stanley Consultants, Inc. was to provide to the plaintiff in connection with its development of its 324-lot residential real estate project known as Lake Mead Rancheros Units 4 & 5 ("the property") located in Mohave County, Arizona. The purpose of these engineering and consulting services from the defendant was to enable the plaintiff to obtain the necessary approvals from state agencies, in particular a Sanitary Facilities Certificate from the Arizona Department of Environmental Quality, so that the plaintiff could apply for a Public Report from the Arizona Department of Real Estate, which was required before it could begin closing sales of its lots to the public. The gist of the plaintiff's breach of contract claim was that the defendant failed to properly submit compliance reports to the appropriate state agencies, such as by submitting a mere letter to ADEQ in support of the required Sanitary Facilities Certificate which ADEQ refused to process because the letter did not comply with the formal application requirements for the certificate, and that the defendant failed to timely complete its work. The defendant filed a counterclaim which included a breach of contract claim wherein it alleged that the plaintiff has failed to pay it all of the monies due it under the contracts.

After having previously dismissed the plaintiff's misrepresentation and fraud claims on the ground that those claims were barred as a matter of law under Arizona's economic loss doctrine, the Court entered summary judgment for the defendant on the plaintiff's remaining claims on September 27, 2013, finding in part that the plaintiff's evidence was insufficient to establish that the defendant had failed to provide all of the contracted-for engineering services or that the defendant had provided those services in an untimely manner. The Court also entered summary judgment for the defendant on its breach of contract counterclaim, finding that the

plaintiff owed it the principal amount of $17,592.75 for its engineering services.

In its pending motion, the defendant states that its counsel, after the entry of the Court's summary judgment order, performed a public records investigation of the ownership of the property underlying the parties' contracts and discovered that the property had been transferred by the plaintiff to a related entity, Del Mar Land, LLC, in September 2009 for no consideration. The defendant also states that both entities are Nevada limited liability companies, both have the same registered agent, Warren D. Church, Jr., and both have the same officers/managers, Warren Church and Donald J. Adams, both of whom were deposed in this action. The defendant further states that the plaintiff never disclosed the transfer of the ownership of the property during the course of this litigation, notwithstanding that the transfer had occurred some 15½ months prior to the commencement of this action, and that Warren Church, the plaintiff's managing member, during his deposition as the plaintiff's Fed.R.Civ.P. 30(b)(6) designee, falsely testified in April 2012 that the plaintiff still owned 147 unsold lots in the property.[1]

In its response, the plaintiff states that the transfer of the property was made to Del Mar Land, LLC in 2009 to resolve a broken partnership issue between the

---

[1] At the beginning of Church's deposition, the plaintiff's counsel advised him that any reference to "you" in his questions was meant to refer to the plaintiff, and Church stated that he understood that. During his deposition, Church testified that "we" had acquired 337 residential lots in the property, had sold 190 lots, and had lost sales on 147 lots. During questioning related to the value of the unsold lots, which the plaintiff had alleged were unsold due to the defendant's failure to timely perform the contracted-for engineering and consulting services, Church stated "[s]o I haven't lost the land, I just lost those sales. So I still have the land." The plaintiff's position is that Church had no intent to conceal anything concerning the ownership of the lots and was simply using the term "I" in the sense that he was still attempting to sell the lots as a manager for Del Mar Land, LLC.

plaintiff's original members, not for any reason relating to the defendant, and that the transfer worked no change in the plaintiff's financial status because the transferred property is encumbered far in excess of its market value.

Discussion

The defendant's motion is predicated on its belief that the plaintiff made the decision to transfer its property assets to Del Mar Land, LLC prior to bringing this action in order to insulate itself from an adverse judgment, and that as a result the plaintiff no longer has sufficient assets to satisfy the judgment that will be entered against it. Based on this speculation, the defendant argues that it would unfair, prejudicial, and inequitable to it if Del Mar Land, LLC is not added as a judgment debtor because that addition is the only way that it can obtain relief.

The defendant contends that the Court has the authority to now add Del Mar Land, LLC to this action under two different theories, the first of which is that the Court has inherent equitable power to do so because the plaintiff perpetuated a fraud on the Court by concealing during the course of this litigation that entity's current ownership of the property. While the Court has inherent authority to protect the integrity of the judicial process, the Court concludes that there is no reason to invoke that authority here because the defendant's fraud on the court argument is simply untenable given the facts of this action.

The Ninth Circuit construes the term "fraud on the court" so narrowly that it limits it to egregious misconduct "which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." United States v. Estate of Stonehill, 660 F.3d 415, 444 (9th Cir.2011). The relevant inquiry is whether the fraudulent conduct harmed the

integrity of the judicial process, not whether it prejudiced the opposing party. *Id*. *See also*, Appling v. State Farm Mutual Automobile Ins. Co., 340 F.3d 769, 780 (9th Cir.2003) (Fraud on the court requires a grave miscarriage of justice and a fraud that is aimed at the court.); England v. Doyle, 281 F.2d 304, 310 (9th Cir. 1960) (Fraud on the court requires a finding that the nondisclosure at issue was an unconscionable plan or scheme which influenced the decision of the court.)  Even if the Court were to accept the defendant's characterization of the plaintiff's alleged misconduct concerning the ownership of the property, the defendant has failed to meet its high burden of establishing that the plaintiff defrauded the Court.

As the Ninth Circuit has repeatedly stated, "[m]ere nondisclosure of evidence is typically not enough to constitute fraud on the court, and perjury by a party or witness, by itself, is not normally fraud on the court." Estate of Stonehill, 660 F.3d at 444; *accord*, Appling, 340 F.3d at 780; In re Levander, 180 F.3d 1114, 1119 (9th Cir.1999).  What the defendant must show, but has not done so here and cannot do so, is that any perjury or nondisclosure by the plaintiff concerning the property's ownership after September 2009 "was so fundamental that it undermined the workings of the adversary process itself." Estate of Stonehill, 660 F.3d at 445.  The defendant does not dispute that the plaintiff, as it correctly alleged in its pleadings, owned the property during the 2006-2007 time period relevant to both its claims and the defendant's counterclaims.  Thus, even if the plaintiff intentionally misrepresented the ownership of the property after the relevant time period, any such misrepresentation could not have been designed to "prevent the judicial process from functioning in the usual manner[,]" *id*. (internal quotation marks omitted), and in fact had no impact on any of the Court's dispositive rulings in this action, because the ownership of the property at that time was not material to the

issues before the Court. *See id.* at 452 ("[I]n nearly all fraud-on-the-court cases, the misrepresentations went to the central issue in the case.")  Furthermore, any nondisclosure or perjury by the plaintiff could not have disrupted the judicial process as claimed by the defendant because the fact that the plaintiff had transferred the property to Del Mar Land, LLC prior to the commencement of this action was a matter of public record which the defendant could easily have discovered at any time. *See* Appling, 340 F.3d at 780 (Court noted that there was no disruption of the judicial process required by the fraud on the court doctrine because the defendants "through due diligence could have discovered the non-disclosure.")

The defendant further argues that the Court can properly include Del Mar Land LLC in the judgment pursuant to Fed.R.Civ.P. 69(a), which governs the execution of money judgments awarded by federal courts.  In the absence of a controlling federal statute, Rule 69(a)(1) provides that the procedure used to enforce a money judgment through a writ of execution "must accord with the procedure of the state where the court is located[.]" The defendant's contention is that Arizona law, through the procedural mechanism of Ariz.R.Civ.P. 21, permits Del Mar Land, LLC to be added on the basis of successor liability.

As an initial matter, the Court notes that Rule 69(a) is technically not applicable yet, and thus the Arizona rule does not govern this matter, because no judgment has been entered.  At this procedural stage, the applicable rule, if any, would be Fed.R.Civ.P. 21, which provides in relevant part that "[o]n motion ..., the court may at any time, on just terms, add ... a party."  The Court declines to invoke Rule 21 because the deadline for the defendant to seek to add a party plaintiff under the Court's Scheduling Order has long since expired, and the defendant could have timely sought to do so had it exercised due diligence, and more importantly, because

1  the defendant has not persuaded the Court that it would be just to add Del Mar Land, LLC to the judgment. Given that the defendant's sole purpose in seeking to add Del Mar Land, LLC as a judgment debtor is to further its ability to collect on its judgment, the issue of whether Del Mar Land, LLC should be added as a judgment debtor need not be resolved until such time as it is conclusively established that the plaintiff cannot satisfy the judgment that will be entered against it. Whether the plaintiff is judgment proof is simply speculation at this time because no determination has been made yet as to the total amount the plaintiff owes the defendant, given that the defendant states that it intends to file a postjudgment motion for attorneys' fees and costs, and because no conclusive investigation has been made yet by the defendant, such as through the postjudgment discovery permitted by Rule 69(a), to determine what assets the plaintiff may actually have. Furthermore, the determination of whether Del Mar Land, LLC can be subject to liability as the successor entity of the plaintiff cannot be properly made at this time because the evidence submitted by the defendant is sufficient to show only that the plaintiff and Del Mar Land, LLC have overlapping ownership and management; it is not sufficient to conclusively establish that Del Mar Land, LLC is the successor entity to the plaintiff, especially given that the defendant has not submitted any evidence showing that the plaintiff is no longer an ongoing business entity. Therefore,

IT IS ORDERED that Stanley Consultants, Inc.'s Motion for Entry of Judgment (Doc. 103) is granted solely to the extent that the Clerk of the Court shall enter judgment for defendant Stanley Consultants, Inc. and against plaintiff Del Mar Land Partners, LLC as to all claims set forth in the plaintiff's Amended Complaint (Doc. 8), and for defendant Stanley Consultants, Inc. and against plaintiff Del Mar Land Partners, LLC on the defendant's Counterclaim for Breach of Contract (Doc. 24) in

1  the principal amount of $17,592.75, plus prejudgment interest at the contractual rate
2  of 18% and postjudgment interest pursuant to 28 U.S.C. § 1961(a) at the rate of
3  0.09%, and for taxable costs.[2]  The motion is denied without prejudice to the extent
4  that it seeks to add nonparty Del Mar Land, LLC as a judgment debtor.

5  DATED this 1st day of June, 2014.

```
                        Paul G. Rosenblatt
                        United States District Judge
```

---

[2] Any motion by the defendant for its attorneys' fees and related non-taxable expenses must be filed in compliance with LRCiv 54.2.